Lawrence I. LIVORNESE, M.D., David M. Rogers, M.D., and Chestnut Hill Cardiology Consultants, Ltd., Plaintiffs,

v.

The MEDICAL PROTECTIVE CO., Defendant/Third–Party Plaintiff,

v.

Commonwealth of Pennsylvania Medical Professional Liability Catastrophe Loss Fund, and John Reed, Third–Party Defendants.

Civil Action No. 01–3124.

United States District Court, E.D. Pennsylvania.

Oct. 1, 2002.

Robert E. Slota, Law Offices of Robert E. Slota, Bryn Mawr, PA, for Plaintiffs.

Kevin H. Wright, Wright, Young & McGilvery, Blue Bell, PA, for Defendant/Third–Party Plaintiff.

Guy A. Donatelli, Mary–Ellen H. Allen, Lamb, Windle & McErlane, P.C., West Chester, PA, for Third–Party Defendants.

### MEMORANDUM AND ORDER

SCHILLER, District Judge.

Plaintiffs in this matter were defendants in a medical malpractice suit tried in the Court of Common Pleas for Philadelphia County that resulted in a substantial judgment against them. In January 1999, a jury returned a verdict of $2,085,000.00, and the court molded the verdict to include delay damages and postjudgment interest. Plaintiffs' primary insurer, The Medical Protective Company ("MedPro"), tendered its $400,000 policy limits in August 1999. An appeal was taken, and the Superior Court affirmed the judgment in an opinion filed on February 23, 2000. *See Gunn v. Grossman*, 748 A.2d 1235 (Pa.Super.Ct.2000). Plaintiffs then commenced this diversity action against MedPro. Subsequently, MedPro filed a third-party complaint against the Commonwealth of Pennsylvania Medical Professional Liability Catastrophe Loss Fund and its Director, John Reed ("CAT Fund").[1] Pursuant to Federal Rule of Civil Procedure 12(b)(6), the CAT Fund has moved for the dismissal of MedPro's third-party complaint in its entirety for failure to state a claim upon which relief can be granted.

### I. STANDARD OF REVIEW

In considering Third–Party Defendant's motion to dismiss for failure to state a claim upon which relief can be granted

under Rule 12(b)(6), I must accept as true all of the factual allegations pleaded in the complaint and draw all reasonable inferences in favor of the non-movants. *See Fuentes v. S. Hills Cardiology*, 946 F.2d 196, 201 (3d Cir.1991). In addition, I must "refrain from granting a dismissal unless it is certain that no relief can be granted under any set of facts which could be proved." *Id.*

### II. BAD FAITH CLAIM AGAINST THE CAT FUND

MedPro alleges that in the event that it is found liable to Plaintiffs, the CAT Fund will be liable to MedPro "for all of part of the Plaintiffs' claim … on the basis of contribution and/or indemnity." (Third–Party Compl. ¶ 27.) In moving for dismissal, the CAT Fund argues that MedPro cannot state a claim against it under Pennsylvania's bad faith statute, 42 PA. CONS.STAT. § 8371. Because I previously dismissed Plaintiffs' bad faith claim against MedPro, see *Livornese v. Medical Protective Co.*, 219 F.Supp.2d 645, 649 (E.D.Pa.2002), and MedPro seeks only indemnity or contribution from the CAT Fund, there is no basis for holding the CAT Fund liable for bad faith in this action. That is, MedPro's claim for bad faith against the CAT Fund is moot.

### III. MEDPRO'S REMAINING CLAIMS AGAINST THE CAT FUND

A statutory provision at issue in this case is section 702(j) of the Healthcare Services Malpractice Act, which provides as follows:

Delay damages and postjudgment interest applicable to the [CAT Fund's] liability in a case shall be paid by the fund

---

1. The facts of this case are set forth in more detail in *Livornese v. Medical Protective Co.,*

219 F.Supp.2d at 648, (E.D.Pa.2002).

and shall not be charged against the insured's annual aggregate limits. The basic insurance carrier or self-insurer shall be responsible for its proportionate share of delay damages and post-judgment [sic] interest.

40 PA. CONS.STAT. § 1301.702(j). On the one hand, the CAT Fund argues that under section 702(j), it is not responsible for MedPro's share of delay damages or postjudgment interest. According to the CAT Fund, section 702(j) places absolute liability on the basic insurance carrier for its "proportionate share" of delay damages and postjudgment interest. On the other hand, MedPro argues that when it tendered its policy limits, the CAT Fund took exclusive control of the defense of this case, including control over the appeal, and MedPro's liability for delay damages and postjudgment interest thereby ended.

■ I agree and disagree with both parties. First, the mere fact that MedPro tendered its policy limits after the judgment was entered does not negate its liability for delay damages. Under Pennsylvania Rule of Civil Procedure 238, delay damages accrue "from a date one year after the date of original process was first served in the action up to the date of the award, verdict or decision." PA. R. CIV. P. 238(ii). Because MedPro tendered its policy limits after the verdict had been molded to include delay damages, i.e., after delay damages stopped accruing, MedPro's payment did not affect MedPro's obligations with respect to delay damages.

■ However, MedPro's act of making payment is of consequence with respect to the imposition of postjudgment interest. MedPro should not be held responsible for any postjudgment interest that accrued on the amount it tendered subsequent to the date that MedPro made payment. Moreover, in *Willet v. Pennsylvania Medical Catastrophe Loss Fund*, 549 Pa. 613, 702 A.2d 850 (1997), the Pennsylvania Supreme Court reasoned that "the law of indemnity provides a legal basis to hold the CAT Fund liable for the portion of delay damages attributable to the time period in which the CAT Fund retained exclusive control over settlement negotiations." *Id.* at 855. Although *Willet* addressed a situation that is factually different from the case at bar and addressed a previous version of the Healthcare Services Malpractice Act, the *Willet* court's reasoning is nonetheless instructive insofar as it makes clear that in certain circumstances the CAT Fund's conduct during litigation will create a duty to indemnify. Here, MedPro effectively removed itself from the litigation by tendering its policy limits, and under the equitable remedy of indemnity, it may be able to shift responsibility for accrued postjudgment interest to the CAT Fund. As such, the CAT Fund cannot be dismissed from this action.

## III. CONCLUSION

For the foregoing reasons, I grant in part and deny in part the CAT Fund's motion to dismiss.

### ORDER

**AND NOW,** this 1st day of **October, 2002,** upon consideration of Third–Party Defendant Commonwealth of Pennsylvania Medical Professional Liability Catastrophe Loss Fund's Motion to Dismiss, the memoranda of law in support thereof, and the responses thereto, it is hereby **ORDERED** that:

1. Third–Party Defendant's Commonwealth of Pennsylvania Medical Professional Liability Catastrophe Loss Fund's Motion to Dismiss (Document No. 13) is **GRANTED IN PART AND DENIED IN PART.** Third–Party Defendant's motion is **GRANTED** to the extent it seeks dismiss-

al of Third–Party Plaintiff's bad faith claim and **DENIED** in all other respects.

2. Defendant shall respond to Plaintiffs' Motion to Compel Discovery (Document No. 25) no later than **October 21, 2002.**